[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Response to Defendants' Motion to Articulate Pursuant to Appellate Court Order Dated October 25, 1995
1. Denial of Defendants' Motion to Set Aside Default on February 6, 1995.
On September 23, 1994 the law firm of Theodore J. Wurz 
Associates appeared for all defendants. CT Page 14065
On November 16, 1994 the defendants were defaulted for failure to plead.
On November 28, 1994 the plaintiff claimed the case to the court trial list as a hearing in damages.
The case appeared on the hearings in damages list for trial on December 19, 1994 and January 23, 1995. On both occasions plaintiff appeared and was ready to proceed with trial. On both occasions the case was marked "over" at the request of the defendants and over the objections of the plaintiff.
On January 3, 1995 the Motion of Theodore J. Wurz 
Associates to withdraw its appearance was granted. (Wagner, J.).
In December of 1994 Joseph Ancona, claiming status as a pro se litigant filed various motions which were abandoned.
On December 12, 1994 Attorney Wurz filed a motion to open judgment on default which he did not pursue prior to the granting of his motion to withdraw his appearance.
On January 30, 1995 Attorney Jane Ancona filed an appearance for defendants.
On January 6, 1995 the plaintiff filed an objection to motion to open judgment upon default which was sustained on February 6, 1995.
This objection was sustained for each of the six reasons set forth in the objection.
On February 6, 1995, a date on which the case was again scheduled for trial, the defendants filed a motion to set aside default. It was denied because it was untimely, would result in unnecessary delay and did not state good cause for opening the default.
2. Granting Plaintiff's Motion to Strike From Jury List and Denying Defendants' Motion to Strike From the Trial List on March 6, 1995. CT Page 14066
On February 7, 1995 the defendants claimed the case to the jury docket.
On February 8, 1995 plaintiff filed a motion to strike from the jury list.
This motion was granted on March 6, 1995 because it was not timely filed in accordance with Practice Book Section 260 and Section 52-215 of the General Statutes.
The motion of defendants to strike from the trial list on March 6, 1995 was denied because the court found that it was filed merely for purposes of delay and its granting would be manifestly unfair to the plaintiff who once again was ready to proceed with trial on that date as he was on previous dates when defendants were granted postponements over the plaintiff's objections.
3. Judgment in the Amount of $114,889.81 Plus Costs in Favor of the Plaintiff.
Defendants did not file any notice of defenses pursuant to Practice book Section 376. Therefore, the sole issue before the court concerned damages.
Plaintiff claimed damages in the amount of $157,039.63.
After weighing all of the evidence, this court found that in light of the plaintiff's expertise, years of experience, time expended, efforts, the written agreement between the parties, reasonable rates for attorneys in the community, the plaintiff proved damages of $114,889.81.
The court found that there was no credible evidence that the plaintiff was working on a contingency fee basis. The loss of the underlying case was not the responsibility of the plaintiff and the decision to refuse the offer to settle that case was the defendants'. The court found that the breakdown of the attorney-client relationship was precipitated by the defendants.
No costs were awarded for the underlying litigation. Costs of $1,202.80 were awarded in the present case.
The $114,889.81 was based in a reasonable fee of CT Page 14067 $117,889.81 for all matters presented but a credit of $3,000 was proven by the defendant. The award was based upon the testimony of the witnesses and the exhibits, including time records and the fee agreement dated July 10, 1991.
John J. Langenbach, Judge